[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUEST TO ADMIT OF THIRD PARTY DEFENDANT NORWALK MARINE CONTRACTORS, INC.
Third party defendant Norwalk Marine Contractors, Inc. ("Norwalk") seeks a determination pursuant to Practice Book §13-23(b) that the responses of C.H. Nickerson Co., Inc. ("Nickerson") to fourteen of its requests for admissions are insufficient. Nickerson, the general contractor on a construction project, has sued Norwalk, one of its subcontractors, seeking indemnification for alleged negligence by Norwalk, which performed pile-driving work.
In response to paragraphs 10, 12, 13, 15, 16, 17, 18, 19 and 20 of Norwalk's requests for admissions, Nickerson has responded that "[p]ursuant to the applicable sections of the Practice Book, this inquiry presents a genuine issue of material fact for trial and is, on that basis, denied." These responses are insufficient. The Practice Book, at § 13-23(a), provides that "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may deny the matter or set forth reasons why he or she cannot admit or deny it." Nickerson has neither objected to the listed requests for admissions nor has it straightforwardly denied the statements it has been asked to admit in them. Its response suggests that it has the option to deny them on the basis that they are irrelevant, in effect, objecting to them. The ambiguity of its response is such that Norwalk cannot be sure whether the substance of the statements is denied so that it will have the benefit of cost-shifting for proof of the statements pursuant to Practice Book § 13-25.
Practice Book § 13-23(a) requires the party to whom a request for admission is directed to file an answer which "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." The same rule states that "[a] denial shall fairly meet the substance of the requested admission . . ." Nickerson's responses to paragraphs 10, 12, 13, 15, 16, 17, 18, 19, and 20 CT Page 13260 have not complied with these requirements, and the court finds that its answers to these paragraphs are insufficient.
Nickerson has objected to paragraphs 27, 28, 29, 30 and 31 of Norwalk's requests for admissions on the ground that that facts for which Norwalk seeks admissions are "irrelevant and immaterial." Practice Book § 13-22 authorizes the filing of requests to admit "the truth of any matters relevant to the subject matter of the pending action . . . that relate to statements or opinions of fact or of the application of law to fact, including the existence, due execution and genuineness of any documents described in the request."
In paragraphs 29, 30 and 31, Norwalk seeks admissions that Nickerson "considered Norwalk Marine to be a qualified and competent contractor" at various junctures. This general estimation is irrelevant to the issues raised in the third party complaint concerning performance on a particular job. The objection is sustained and the motion for a finding of insufficiency is denied as to these three paragraphs.
Nickerson's claims of irrelevance are rejected as to paragraphs 27 and 28, which concern responses of Nickerson to a letter from Norwalk concerning the need to monitor effects on foundations during the pile-driving work. Lack of written responses is relevant to the indemnification claims, which involve issues of the responsibilities and performance of the contractor and subcontractor. Nickerson's objections to paragraphs 27 and 28 are overruled.
Conclusion
The motion for a finding of insufficient response is granted as to the responses to paragraphs 10, 12, 13, 15, 16, 17, 18, 19 and 20. Nickerson shall either admit or deny these paragraphs in a manner that complies with Practice Book § 13-28 by October 12, 1999. The time for objection has expired.
The objections are overruled as to paragraphs 27 and 28. Nickerson shall respond to these paragraphs in accordance with Practice Book § 13-23 by October 12, 1999.
The objections are sustained as to paragraphs 29, 30 and 31.
Beverly J. Hodgson CT Page 13261 Judge of the Superior Court